# Case No. 4,649.

## FARLOW v. LEA.

[2 Cin. Law Bul. 329.]

Circuit Court, N. D. Ohio. 1877.

WELKER, District Judge. John H. Farlow, of the Cincinnati, Sandusky & Cleveland Railroad Company, sued the defendant, John D. Lea, to recover from him the tools, earnings and income collected by him as the earnings of the railroad company, whilst he wrongfully and unlawfully held possession of the same, from the 21st of April, 1867, to the 15th of June, 1877, amounting to some $80,000 which he refused to pay over to the plaintiff on demand. The plaintiff was appointed receiver on the 15th of May, 1877, in a certain cause pending on the chancery side of this court, wherein John C. Pratt and William T. Hart, as trustees of the bondholders, were complainants, and the Cincin-

nati, Sandusky & Cleveland Railroad Company et al. were defendants, and ordered to take possession of and run and manage said railroad, and fully authorized to collect assets of the railroad company, by suit or otherwise. The plaintiff is a citizen of the state of Massachusetts, and the defendant is a citizen of the state of Ohio. The railroad company is an Ohio corporation, and consequently a citizen of the state of Ohio.

The defendant files a demurrer, and alleges as grounds therefor: (1) That this court has no jurisdiction of this controversy between the parties; the railroad company and the defendant both being citizens of the state of Ohio. (2) That the real plaintiff is a citizen and corporation of the state of Ohio. (3) That this court has no jurisdiction of the subject manner of the suit.

The questions made by the demurrer are: (1) Is the plaintiff who describes himself receiver of the railroad company to be regarded as a citizen of the state in which the railroad is located, and under whose laws it was incorporated? (2) Being in fact a citizen of Massachusetts, and also acting as receiver under the orders of this court, he is not suing in his own name, but in his right as such officer of this court, and, being such citizen, has he a right to sue defendant in this court?

In deciding these questions it is necessary for us first to ascertain and define the character of a receiver, his status in reference to the property in his hands, as well as his relations to the court appointing him, and all the duties required of him. A receiver is appointed on the principle of justice for the benefit of all concerned. All kinds of property legally liable, or which in equity might be taken in execution, may be put in his possession, and in a case in equity his appointment is regarded as an equitable execution. He is, therefore, virtually a representative of the court, and of all the parties in interest in the litigation to which he is appointed. He is required to take possession of the property as directed, because it is deemed more in the interest of justice that he should do so than that the property should be in the possession of either of the parties to the litigation. He is not appointed for the benefit of either of the parties, but for the interest of all concerned. 1 Clem. Corp. Secur. 186; [Davis v. Gray] 16 Wall. [83 U. S.] 214. The complainants are the trustees of the holders of the bonds of the railroad company, and the defendant, the company itself which executed the bonds,—creditor and debtor both in court. The receiver, therefore, holds the property for the benefit of both parties. He is required to take possession of the property of the defendant, and manage and control it for the interest of both parties, and account to the court, whose officer he is for that purpose. [Milwaukee & M. R. Co. v. Soutter] 2 Wall. [69 U. S.] 519. He is also required to sue for and collect all assets belonging to the said railroad company, and to do so he is authorized to proceed to suit in the ordinary way. A receiver is an indifferent person between the parties to the cause, appointed by the court to receive and preserve the property or fund in litigation pendente lite, when it does not seem reasonable to the court that either party should hold it. He is not the agent or representative of either party to the action to the exclusion of the other, but is regarded as an officer of the court, exercising his functions in the interest of neither party, but for the common benefit of all parties in interest. He is regarded as the "hand of the court," as the executive officer of a court of chancery, in much the same sense as the marshal or sheriff is the executive officer of a court of law. See High, Rec. 2, 3.

It is claimed by the defendant that the real plaintiff is the railroad company, and not the receiver in his right as officer of this court. The above authorities defining the character of the receiver establish his legal status to be not the representative of the railroad company, nor that of the original complainant, but an indifferent person representing the court appointing him for the interests of all parties. How, then, can it be said the railroad company is the real plaintiff? It is true the railroad company may have earned the money sought to be recovered from the defendant, but the plaintiff claims the money in his right of receiver of the court, and not on behalf of the railroad company, and in that character sues. It follows from this that the plaintiff, having stated his non-citizenship, and amount of the claim being above $500, fully complies with the statutes of the United States in these jurisdictional averments, and gives this court jurisdiction on the ground of the citizenship of the plaintiff. In the case of Davis v. Gray, 16 Wall. [83 U. S.] 203, the supreme court entertained a suit by Gray, who was a citizen of the state of New York, appointed receiver by the circuit court of the district of Texas, and of a Texas railroad corporation, and in that respect precisely a case like this one. See, also, Rice v. Huston, 13 Wall. [80 U. S.] 67, where administrator had been appointed in Tennessee, and became a citizen of Kentucky, sues Rice, a citizen of Tennessee, in the circuit court of the United States for the district of Tennessee, and the suit was maintained. See, also, Susquehanna & W. V. R. & C. Co. v. Blatchford, 11 Wall. [78 U. S.] 172, and cases there cited.

It is also claimed by the plaintiff that, irrespective of citizenship, the receiver has a right to sue in this court, for the reason that this suit is merely auxiliary to the case in chancery to which he was appointed, and made necessary in order to carry out the object and purpose of his appointment as such receiver. It does not seem necessary to determine this claim, inasmuch as the jurisdiction is maintained on the ground of citizenship, but the claim is well founded in principle, and supported by authority and prac-

tice. [Michigan C. R. Co. v. Mineral Spring Manuf'g Co.] 16 Wall. [83 U. S.] 327. The demurrer is overruled.